

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR408-368 |
| | ) | |
| MICHAEL ANTHONY GRANT, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant's "Motion for Clarification of Sentence and for Court to Enter a Nunc Pro Tunc Order Running Federal Sentence Concurrent with State Sentence." (Doc. 137.) Defendant seeks to have his sentence amended so that his federal sentence runs concurrently with an unrelated state sentence. (Id. at 1-2.) The Government has responded in opposition. (Doc. 138.) After careful consideration, Defendant's motion is **DENIED**.

On December 11, 2008, Defendant was indicted by a federal grand jury. (Doc. 3.) According to the United States Probation Office, Defendant was then arrested by state authorities for an unrelated state charge on December 16, 2008. On January 21, 2009, Defendant was taken into federal custody. (Doc. 12.) After pleading guilty to conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride, this Court sentenced

Defendant to a 195-month term of imprisonment. (Doc. 91.) Defendant was then returned to state authorities on March 19, 2010 for resolution of the pending state charges.

On January 17, 2012, Defendant was sentenced in the Superior Court of Chatham County to four years confinement for the unrelated state claims of fleeing and reckless driving. In August 2012, state authorities credited Defendant 1,046 days for the time served in state custody prior to imposition of his state sentence. (Doc. 138-1 at 1.) Defendant now moves to amend his federal sentence and award him the same credit for time served in state custody on the unrelated state charges.

18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." This Court did not order Defendant's federal sentence to run concurrently with any state sentence. With the statute's presumption that sentences are consecutive unless otherwise indicated, Defendant's nunc pro tunc motion is essentially seeking a modification of Defendant's term of imprisonment. However, it is only under very limited circumstances that a court may modify terms of imprisonment already imposed. See 18 U.S.C. § 3582(c). None of those circumstances are present here.

Additionally, this is not the first time Defendant has contacted the Court to inquire about being credited for time served in state custody. In August 2011, the Probation Office advised Defendant that he would not receive credit toward his federal sentence while in state custody for unrelated pending state charges. Apparently undeterred and hoping to bootstrap his credited time served for his state sentence to the federal sentence, Defendant has now moved the Court to do so. Having already received the credit from state authorities on the unrelated state sentence, Defendant is not entitled to relief from this Court. Accordingly, Defendant's motion is **DENIED**.

SO ORDERED this 26th day of November 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA