## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. CR408-368 |
| | ) | |
| MICHAEL ANTHONY GRANT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is Defendant Michael Anthony Grant's Motion for Immediate Release. (Doc. 153.) In his motion, Defendant requests that he serve the remainder of his sentence in home confinement due to the risks of contracting COVID-19 in prison. (Id. at 2.) The Government has opposed Defendant's motion. (Doc. 154.) For the following reasons, Defendant's motion (Doc. 153) is **DISMISSED.**

### BACKGROUND

In November 2009, Defendant pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride. (Docs. 83, 85.) The Court sentenced Defendant to a term of 195 months' imprisonment. (Doc. 91.) Subsequently, in July 2015, this Court, pursuant to 18 U.S.C. § 3582(c)(2), reduced Defendant's sentence to 158 months' imprisonment. (Doc. 147.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Jesup located in Jesup, Georgia, with a projected release date of November 6, 2022. See BOP

Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on July 9, 2020).

**ANALYSIS**

Defendant now moves the Court for a reduction in sentence in the form of home confinement. (Doc. 153 at 1.) Defendant's motion is primarily based on the COVID-19 pandemic and his assertion that incarceration during the pandemic endangers his health. (<u>Id.</u> at 1-2.) Defendant seems to request home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (<u>Id.</u> at 1.)

A defendant's request for home confinement under the CARES Act is different than a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). <u>See</u> Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020); <u>United States v. Allen</u>, No. 2:14-cr-024, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020). Under § 12003(b)(2) of the CARES Act,

> if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). Thus, in placing a defendant in home confinement, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c). <u>United States v. Tandy</u>,

2

No. 4:19-cr-159, 2020 WL 2772766, at *1 (S.D. Ga. May 28, 2020);
Allen, 2020 WL 2199626, at *1. Accordingly, "[d]esignation of an
inmate's place of confinement, including placement in home
confinement, rests within the absolute discretion of the BOP." United
States v. McCloskey, No. 4:18-CR-260, 2020 WL 3078332, at *2 (S.D.
Ga. June 9, 2020); see also United States v. Calderon, No. 1911445,
2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that
under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release
eligible elderly offenders, and district court was without
jurisdiction to grant relief); United States v. Greene, No. CR 116-
056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020); Allen, 2020 WL
2199626, at *1 ("These statutes do not authorize a federal court to
order the BOP to release a prisoner."). As a result, to the extent
Defendant is seeking an order from this Court placing him on home
confinement, Defendant's motion is **DISMISSED**.

Even if this Court liberally construed Defendant's motion as
one for compassionate release under 18 U.S.C. § 3582(c)(1)(A), his
motion would be dismissed. Before a defendant can file a motion under
§ 3582(c)(1)(A), he must first have "fully exhausted all
administrative rights to appeal a failure of the Bureau of Prisons
to bring a motion on [his] behalf or the lapse of 30 days from the
receipt of such a request by the warden of the defendant's facility,
whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As the Government
notes, Defendant does not state that he has exhausted his
administrative remedies with the BOP. Moreover, nothing in the record

indicates that Defendant has attempted to exhaust his administrative remedies. Because Defendant has not exhausted his administrative remedies, the Court must dismiss Defendant's motion.[1] Tandy, 2020 WL 2772766, at *1 ("Having found that [defendant] has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide [his] request."); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. McCloskey, No. 4:18-CR-260, 2020 WL 3078332, at *5 (S.D. Ga. June 9, 2020).

## CONCLUSION

For the foregoing reasons, the Court lacks the authority to release Defendant on home confinement. Accordingly, Defendant's motion for immediate release (Doc. 153) is **DISMISSED**.

SO ORDERED this ___10th___ day of July 2020.

_____

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In his motion, Defendant states that he is more vulnerable to serious complications from COVID-19 because he suffers from hypertension and hypercholesterolemia. (Doc. 153 at 1-2.) However, because Defendant requests home confinement under the CARES Act and Defendant has not exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A), the Court will not address whether Defendant's medical conditions qualify as extraordinary and compelling reasons for a reduction in sentence.