IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                         )<br>)<br>MICHAEL ANTHONY GRANT,         )<br>)<br>    Defendant.                  )<br>_____) | CASE NO. CR408-368 |

## O R D E R

Before the Court is Defendant Michael Anthony Grant's Second Motion to Reduce Sentence (Doc. 173), which the Government opposes (Doc. 182). For the following reasons, Defendant's motion is **DENIED**.

### BACKGROUND

In November 2009, Defendant pled guilty to conspiracy to distribute cocaine. (Doc. 83.) The Court sentenced Defendant to a term of 195 months' imprisonment. (Doc. 91 at 2.) Subsequently, in July 2015, the Court, pursuant to 18 U.S.C. § 3582(c)(2), reduced Defendant's sentence to 158 months' imprisonment. (Doc. 147.)

In May 2020, Defendant filed his first Motion to Reduce Sentence seeking a reduction in sentence in the form of home confinement. (Doc. 153.) On July 10, 2020, the Court dismissed Defendant's motion on the grounds that the BOP, not the Court, has the discretion to place a defendant on home confinement and that Defendant failed to exhaust his administrative remedies under 18

U.S.C. § 3582(c)(1)(A). (Doc. 164.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Jesup located in Jesup, Georgia, with a projected release date of November 6, 2022. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on December 17, 2020).

## ANALYSIS

In his second motion to reduce sentence, Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic.[1] (Doc. 173 at 1.) Specifically, Defendant argues that his medical conditions and the conditions of his confinement increase his risk of contracting COVID-19. (Id. at 2-3.) The Government opposes Defendant's request on the grounds that Defendant's medical conditions are well-controlled and that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. (Doc. 182 at 14, 16.) After careful consideration, the Court finds that Defendant's motion is due to be denied.

I.  EXTRAORDINARY AND COMPELLING REASONS

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to his medical conditions and the COVID-19

---

[1] In the alternative, Defendant seeks to be placed on home confinement (Doc. 173 at 16); however, the Court dismissed Defendant's request to be placed on home confinement in its prior order (Doc. 178 at 4).

2

pandemic. (Doc. 173 at 9.) 18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C.

3

§ 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

As the Court found in its prior order, Defendant has exhausted his administrative remedies with respect to his medical conditions and the COVID-19 pandemic. (Doc. 178 at 6.) In seeking compassionate release, Defendant contends that he suffers from open-angle glaucoma, high cholesterol, dizziness, and hypertension and that these conditions put him at a greater risk of serious complications if he were to contract COVID-19. (Doc. 173 at 2.) Defendant's BOP medical records confirm that Defendant suffers from hypertension, high cholesterol, and glaucoma. (Doc. 182, Attach. 2 at 1.) The Government recognizes that hypertension might

4

render an individual at increased risk of severe illness from COVID-19, however, the Government highlights that Defendant's hypertension is regularly monitored and adequately managed with medication. (Id.)

The Court has reviewed Defendant's BOP medical records and does not find any evidence that Defendant's conditions substantially diminish his ability to provide self-care while incarcerated. According to the medical records, a BOP doctor noted that Defendant's hypertension is under control (Doc. 182, Attach. 2 at 1) and that Defendant is compliant with his medication (Doc. 182, Attach. 2 at 3). As a result, the Court finds that Defendant has not established that his hypertension is so severe as to render him unable to care for himself in prison. See United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020); United States v. Johnson, No. CR 108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020); United States v. Jackson, No. 3:16-cr-104, 2020 WL 3962275, at *3 (M.D. Fla. July 13, 2020). Additionally, "[t]he Court is unwilling to conclude that a condition that 'might' put a defendant at an increased risk qualifies his circumstances as extraordinary and compelling enough to warrant early release." United States v. Mingo, No. CR612-018, 2020 WL 5028770, at *2 (S.D. Ga. Aug. 25, 2020).

Finally, the Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant

5

compassionate release. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, the Court finds that Defendant's motion (Doc. 173) is **DENIED** because Defendant has not demonstrated extraordinary and compelling reasons for compassionate release.[2]

## II. CONSIDERATION OF THE SENTENCING FACTORS

Further, even if this Court found Defendant had presented evidence of a qualifying medical condition that constituted an extraordinary and compelling reason for compassionate release, this Court would still deny Defendant's motion. In considering a

---

[2] To the extent Defendant argues that his circumstances fall within the catch-all provision of § 1B1.13 n.1(D), Defendant's argument is misplaced. The catch-all provision provides: **"As determined by the Director of the [BOP]**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. U.S.S.G. § 1B1.13 n.1(D) (emphasis added). However, "relief under Subsection (D) requires a finding from the BOP that the inmate has extraordinary circumstances that merit relief outside of those circumstances specifically enumerated in the policy." United States v. Mollica, No. 2:14-CR-329-KOB, 2020 WL 1914956, at *4 (N.D. Ala. Apr. 20, 2020); see also United States v. Willingham, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019). "[B]ecause [Defendant] does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford [him] relief," compassionate release is not justified at this time. Willingham, 2019 WL 6733028, at *2.

6

defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). The Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. Section 3553(a) provides the following factors for the court's consideration:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentence and the sentencing range established . . .;
5) any pertinent policy statement . . .;
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh against release. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release where the district court found that, although the defendant had an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weighed against a sentence reduction); United States v. Rodd, 966

7

F.3d 740, 748 (8th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. June 26, 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In November 2009, Defendant pled guilty to conspiracy to distribute cocaine. (Doc. 83.) During Defendant's sentencing hearing, the Court found that Defendant's guidelines range was 188 to 235 months' imprisonment but determined that 195 months' imprisonment was sufficient to adequately reflect the seriousness of the offense conduct and to afford adequate deterrence to future criminal conduct. (Doc. 117 at 4, 6.) In July 2015, the Court reduced Defendant's sentence to 158 months' imprisonment, pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 147.)

While the Court is sensitive to the concerns that Defendant has for his health and safety amid the COVID-19 pandemic, the Court finds that a reduction in his sentence is not warranted. Reducing Defendant's sentence would not promote respect for the law or provide adequate deterrence to criminal conduct. As the Court noted during his sentencing hearing, Defendant has an extensive criminal history that includes offenses involving drugs, violence, and fleeing from law enforcement officers. (Doc. 117 at 6.) In fact, Defendant had pending felony drug-related charges at the time Defendant committed the instant offense. (Id.)

8

Reducing Defendant's sentence would also not reflect the seriousness of the offense. As the Court highlighted during Defendant's sentencing hearing, Defendant intended to provide nine kilograms of cocaine to his customers throughout Savannah. (Doc. 117 at 6.) See United States v. Brown, No. CR413-007, 2020 WL 4939117, at *2 (S.D. Ga. Aug. 24, 2020) (determining that the § 3553(a) factors did not support releasing the defendant where defendant had an extensive criminal history and defendant's offense involved approximately 23 kilograms of cocaine hydrochloride). Notably, Defendant also possessed a firearm in furtherance of his illegal activity. (Doc. 117 at 6.) Accordingly, the Court finds that the § 3553(a) factors weigh against reducing Defendant's sentence.[3]

## CONCLUSION

For the foregoing reasons, Defendant's Second Motion to Reduce Sentence (Doc. 173) is **DENIED**.

SO ORDERED this 17th day of December 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court notes that Defendant also complains about the conditions of his confinement in the context of the BOP's response to the COVID-19 pandemic. (Doc. 173 at 9, 13.) To the extent that Defendant challenges the conditions of his confinement, he must do so through a civil lawsuit brought pursuant to 42 U.S.C. § 1983. See United States v. Riggs, No. CR618-014-09, 2020 WL 7066325, at *2 n.2 (S.D. Ga. Dec. 2, 2020).